UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RODERICK WOODS, | ) |
| | ) |
|   Plaintiff | ) |
| | ) |
| | ) |
| VS. | ) |
| | ) |
| AMERICAN PROFIT RECOVERY, INC., | ) |
| | ) |
|  Defendants | ) |

## COMPLAINT – JURY TRIAL DEMANDED

1. This is an action by an individual consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## PARTIES AND JURISDICTION

1

3. Plaintiff, Roderick D. Woods. ("Plaintiff"), is a consumer as that term is defined in the FDCPA. The underlying alleged debt in question is a consumer debt as that term is defined in the FDCPA.

4. Defendant, American Profit Recovery, Inc. ("Defendant"), is a collection agency, whose principal purpose is the collection of consumer debts in various states, including Connecticut.

5. Jurisdiction is appropriate over Defendant, pursuant to 15 U.S.C. 1692, *et seq*.

## FACTUAL ALLEGATIONS

6. On or about March 5, 2025, Defendant sent correspondence to Plaintiff concerning an alleged debt allegedly owed to Rockland Trust.

7. The alleged debt was an unsecured, consumer debt.

8. The correspondence proceeded to claim that, as of the date of the letter, March 5, 2025, $266.05 was due to Rockland Trust.

9. In fact, no money was due and owing to Rockland Trust on March 5, 2025.

10. Defendant misrepresented the character, amount, and legal status of the alleged debt in its correspondence to Plaintiff.

## CLAIMS FOR RELIEF

### Defendant's Violation of 15 U.S.C. §1692 e (2)(A)

11. Paragraphs 1-10 are re-alleged as if fully re-stated.

12. In relevant part, 15 U.S.C. §1692 e (2)(A), states, "Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt." (<u>See</u>, 15 U.S.C. §1692 e(2)(A)).

13. Defendant violated 15 U.S.C. §1692 e(2)(A).

14. As a proximate consequence of Defendant's conduct, coupled with the acts described above, Plaintiff suffered an ascertainable economic loss, lost wages from employment, incurred counsel fees, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

### **<u>Defendant's Violation of 15 U.S.C. § 1692 e</u>**

15. Paragraphs 1-10 are re-alleged as if fully re-stated.

16. Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

17. As a result of the above violation of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

18. As a result of the above, Plaintiff suffered economic damages and an ascertainable economic loss.

3

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory Judgment that Defendant's conduct violated the FDCPA.
2. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
3. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
4. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
5. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).

Dated: March 3, 2026

By: _____
Roderick D. Woods, Esq. (ct29447)
Roderick D. Woods, P.C.
880 Third Avenue
Fifth Floor
New York, New York 10022
(212) 653-8754 (Tel.)
(212) 656-1555 (Fax)
Roderick.woods@rdw-law.com